IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANNY O. NEAL,

                    Plaintiff,

          v.                                         1:15-cv-316-WSD

NATIONSTAR MORTGAGE, LLC,

                    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Nationstar Mortgage, LLC's ("Defendant" or "Nationstar") Motion to Dismiss [4] Plaintiff Danny O. Neal's ("Plaintiff" or "Neal") Complaint [1.1].

## I.    BACKGROUND

On July 27, 2007, Plaintiff obtained a loan in the amount of $215,950, from HomeBanc Mortgage Corporation ("HomeBanc").  Repayment of the loan was secured by a deed ("Security Deed") to real property located at 3552 Topaz Terrace, Rex, Georgia (the "Property").  (Compl. ¶¶ 5-6; Security Deed [1.1 at 19-33]).  Under the terms of the Security Deed, Plaintiff "grant[ed] and convey[ed] to [HomeBanc] and [HomeBanc's] successors and assigns, with power of sale, the [Property]."  (Security Deed at 3).  The Security Deed also states:

**22. Acceleration; Remedies**.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security [Deed] . . . .  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security [Deed] and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default . . . . If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security [Deed] without further demand and may invoke the power of sale . . . .

(Id. ¶ 22).  The Security Deed provides further:

**19. Borrower's Right to Reinstate After Acceleration.**  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security [Deed] discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security [Deed] . . . . Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security [Deed] and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security [Deed] . . . ; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security [Deed], and Borrower's obligation to pay the sums secured by this Security [Deed], shall continue unchanged. . . . Upon reinstatement by Borrower, this Security [Deed] and obligations secured hereby shall remain fully effective as if no acceleration had occurred.

(Id. ¶ 19).

On February 22, 2008, HomeBanc assigned the Security Deed to

Countrywide Bank, FSB ("Countrywide").  (Compl. ¶ 7).  On July 1, 2011,

2

Countrywide merged with and into Bank of America, N.A. ("BANA").  (Id. ¶ 8).

On October 20, 2012, BANA assigned the Security Deed to Nationstar. (Id.).  Plaintiff asserts that "Nationstar allegedly services the loan on behalf of Federal National Mortgage Association ('Fannie Mae'), and Fannie Mae is the secured creditor to whom the underlying debt is allegedly owed."  (Id. ¶ 9).

At some point, Plaintiff defaulted on his loan obligations.  On August 18, 2014, Plaintiff alleges, Nationstar "initiated foreclosure proceedings."  (Id. ¶ 10).

On September 15, 2014, Plaintiff filed, in the Superior Court of Clayton County, Georgia, an action for quiet title to the Property.  See Neal v. Nationstar Mortg., LLC, No. 2014CV3965-8.  On October 20, 2014, Defendant removed that action to this Court.  See No. 1:14-cv-3361 (N.D. Ga.).  On October 27, 2014, Nationstar filed a motion to dismiss, and on November 4, 2014, Plaintiff voluntarily dismissed his complaint.  See id.

On November 25, 2014, Aldridge Connors, LLP, on behalf of Nationstar, sent Plaintiff a "Notice of Pending Foreclosure Sale" ("Notice") which states that "the debt evidenced by the loan, including principal, interest and other authorized charges, has been declared, and is now, immediately due and payable in full," that Plaintiff would be required to pay attorneys' fees incurred in collecting the debt if he did not pay the debt owed in full within ten (10) days of receipt of the notice,

and that a foreclosure sale of the Property was scheduled for January 6, 2015.

(Compl. ¶ 10 & Notice [1.1 at 35-39]).  The Notice also states:

> Under certain circumstances and conditions, the lender may be able to
> allow you to reinstate the loan and stop foreclosure.  Should you
> desire to reinstate the loan, please contact our office.  We will be able
> to assist you in determining whether reinstatement is allowed, and if
> allowed, the amount of money which must be paid.

(Notice at 2).

On December 30, 2014, Plaintiff, represented by counsel, filed in the
Superior Court of Clayton County, Georgia, his Complaint, asserting claims for
declaratory judgment (Count One), injunctive relief (Count Two), breach of
contract (Count Three), breach of legal duty (Count Four), and surprise (Count
Five).  The crux of Plaintiff's claims is that Nationstar breached Paragraph 22 of
the Security Deed and "prematurely accelerated the debt and initiated foreclosure
proceedings . . . by failing to provide adequate notice of default and acceleration to
Plaintiff . . . ."  (Compl. ¶ 42; see also Compl. ¶¶ 25, 33, 43, 48, 51-52).

On January 30, 2015, Defendant removed the Clayton County Action to this
Court on the basis of diversity of citizenship.  (Notice of Removal [1]).

On February 6, 2015, Defendant moved to dismiss Plaintiff's Complaint for
failure to state a claim.

**II.     DISCUSSION**

A.     Legal Standard

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The Court is not required to accept a plaintiff's legal conclusions as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012). The Court also will not "accept as true a legal conclusion couched as a factual allegation." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts" standard has been overruled by Twombly, and a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, 598 F. App'x 608, 609 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, 697 F. App'x 1015, 1018 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent

dismissal.") (quoting <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188

(11th Cir. 2002)).[1]

B.    <u>Analysis</u>

1.    <u>Breach of Contract (Count Three)</u>

To assert a claim for breach of contract under Georgia law, a plaintiff must

show (1) a valid contract; (2) material breach of its terms; and (3) damages arising

from that breach.  <u>See</u> <u>Budget Rent-A-Care of Atlanta, Inc. v. Webb</u>, 469 S.E.2d

712, 713 (Ga. Ct. App. 1996); <u>see also</u> <u>Bates v. JPMorgan Chase Bank, NA</u>,

768 F.3d 1126, 1130 (11th Cir. 2014).

Plaintiff asserts that Defendant breached Paragraph 22 of the Security Deed

and "prematurely accelerated the debt and initiated foreclosure proceedings . . . by

failing to provide adequate notice of default and acceleration to Plaintiff," and, as a

result, "Plaintiff has suffered damage to his credit and reputation."  (Compl. ¶¶ 42,

44).  Plaintiff does not allege, and it does not appear, that he is current on his loan

obligations.  That Defendant reported Plaintiff's default to credit bureaus and

advertised the Property for foreclosure sale were the result of Plaintiff's failure to

---

[1]    Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short
and plain statement of the claim showing that the pleader is entitled to relief."
Fed. R. Civ. P. 8(a)(2).  In <u>Twombly</u>, the Supreme Court recognized the liberal
minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that
"[f]actual allegations must be enough to raise a right to relief above the speculative
level . . . ."  <u>Twombly</u>, 550 U.S. at 555.

make his loan payments, not the result of Defendant's alleged breach.  See Bates, 768 F.3d at 1132-33 (Mortgagor "must show that the premature or improper exercise of some power under the deed . . . resulted in damages that would not have occurred but for the breach."); Rourk v. Bank of Am., N.A., 587 F. App'x 597 (11th Cir. 2014) (mortgagor's failure to make loan payments "is fatal to her claim for breach of contract and wrongful foreclosure, as her 'alleged injury was solely attributable to her own acts or omissions.'") (quoting Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 845 (Ga. Ct. App. 2004)).[2]

Where, as here, "there was no actual exercise of the power of sale, the only possible harm must be traced back to the allegedly unauthorized acceleration of the note."  See Bates, 768 F.3d at 1133.  In this case, however, "any such claim is negated by the generous reinstatement provision contained in the [Security D]eed."  See id.  Under the terms of the Security Deed,

> [i]f Borrower meets certain conditions, Borrower shall have the right
> to have enforcement of this Security [Deed] discontinued at any time
> prior to . . . five days before sale of the Property . . . . Those
> conditions are that Borrower: (a) pays Lender all sums which then
> would be due under this Security [Deed] and the Note as if no
> acceleration had occurred; (b) cures any default of any other

---

[2]    Plaintiff does not identify the "unnecessary, excessive and unauthorized fees [he has incurred] as a result of Nationstar's breach."  (Compl. ¶ 44).  The Court notes that, under the terms of the Security Deed, Nationstar is authorized to collect Plaintiff's loan payments, late charges and other fees, including expenses incurred to enforce the Security Deed, such as attorneys' fees.  (Security Deed ¶¶ 1-3, 19).

> covenants or agreements; [and] (c) pays all expenses incurred in
> enforcing this Security [Deed] . . . . Upon reinstatement by Borrower,
> this Security [Deed] and obligations secured hereby shall remain fully
> effective as if no acceleration had occurred.

(Security Deed ¶ 19).  "Because all [Plaintiff] must do, even now, is simply pay all

of the outstanding monthly payments and associated fees admittedly owed,

[Nationstar's] exercise of the power to accelerate the note could not have caused

[Plaintiff] harm . . . ."  See Bates, 768 F.3d at 1133.[3]  Plaintiff fails to show that he

suffered damages caused by Nationstar's alleged breach of contract, and this claim

is required to be dismissed.[4]

---

[3]     This reinstatement provision undercuts Plaintiff's assertion that, "[h]ad
Plaintiff received adequate notice of default and acceleration from Nationstar,
Plaintiff would have remitted the funds necessary to cure the default." (Compl.
¶ 18).  Plaintiff filed his Complaint on December 30, 2014, more than five (5) days
before the January 6, 2015, scheduled foreclosure sale.  At the time he filed his
Complaint, Plaintiff was—and because the foreclosure sale has not yet occurred,
Plaintiff still is—entitled to exercise his right to reinstatement.

[4]     Nationstar also argues that it complied with the terms of the Security Deed
because it provided to Plaintiff proper pre-acceleration notice in a May 31, 2013,
letter, a copy of which is attached to Nationstar's Motion to Dismiss.  Plaintiff
contends that the letter is unauthenticated, that "Defendant's counsel do not have
personal knowledge sufficient to establish that [it] was generated and provided to
Plaintiff," and that the Court should not consider it at this stage of the litigation.
Having found that Plaintiff fails to show damages caused by Nationstar's alleged
breach, it is not necessary to determine whether Nationstar complied with the
pre-acceleration notice requirement in the Security Deed and the Court does not
consider the May 31, 2013, letter.

2. <u>Breach of Legal Duty (Count Four)</u>

O.C.G.A. § 51-1-6 provides: "When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby."

Plaintiff asserts that "Nationstar breached its duty to the Plaintiff and prematurely accelerated the loan debt without adequate notice of default and pre-acceleration notice of Plaintiff." (Compl. ¶ 48). In his Response, Plaintiff asserts that "Defendant's duty to provide Plaintiff with proper notice pursuant to Paragraph 22 of the Security Deed was a legal duty that Defendant breached in violation of Georgia law." (Resp. [6] at 8). The acts alleged by Plaintiff against Nationstar all arise from duties created by the Security Deed, and Plaintiff cannot state a claim for relief under O.C.G.A. § 51-1-6 because a cause of action—breach of contract—already exists to remedy the violations alleged. <u>See</u> <u>Miller v. Gen.</u> <u>Wholesale Co., Inc.</u>, 101 F. Supp. 2d 1374 (N.D. Ga. 2000) ("It seems clear from the language of [O.C.G.A. § 51-1-6] that no cause of action is created where, as here, an express cause of action already exists."); <u>cf.</u> <u>Wallace v. State Farm Fire</u> <u>& Cas. Co.</u>, 539 S.E.2d 509 (512 (Ga. Ct. App. 2000) ("Absent a legal duty beyond the contract, no action in tort may lie upon an alleged breach of [a] contractual

duty."); <u>Fielbon Dev. Co. v. Colony Bank of Houston Cnty.</u>, 660 S.E.2d 801, 808 (Ga. Ct. App. 2008) ("A defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common law.").  Plaintiff fails to state a claim for breach of legal duty and this claim is required to be dismissed.

                    3.     <u>Surprise (Count Five)</u>

A claim for surprise under Georgia law arises under O.C.G.A. § 23-2-54, which provides:

> Anything which happens without the agency or fault of the party affected by it, tending to disturb and confuse his judgment or to mislead him, of which the opposite party takes an undue advantage, is in equity a surprise and is a form of fraud for which relief is granted.

O.C.G.A. § 23-2-54.  In Georgia, a plaintiff alleging fraud must show: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." <u>Baxter v. Fairfield Fin. Servs.</u>, 704 S.E.2d 423, 429 (Ga. Ct. App. 2010).

Rule 9(b) of the Federal Rules of Civil Procedure further requires plaintiffs alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  The Eleventh Circuit has consistently held:

> To comply with Rule 9(b), a complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Thomas v. Pentagon Federal Credit Union, 393 F. App'x 635, 638 (11th Cir. 2010) (mortgagor failed to allege facts with sufficient particularity to state fraud claim against mortgagee where he did not identify any specific statements made by mortgagee and failed to identify time and place of an omission, person responsible for making an omission, and what mortgagee obtained as a consequence of fraud); see also Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008); Albert v. Citimortgage, Inc., No. 1:10-CV-03238-RWS, 2011 WL 1085148, at *2 (N.D. Ga. Mar. 21, 2011) (construing plaintiff's surprise claim as a claim under O.C.G.A. § 23-2-54 and applying Rule 9 particularity requirements).

Plaintiff asserts that, "on more than one occasion, including on or about November 25, 2014, Nationstar proceeded to publish multiple Notices of Sale Under Power against Plaintiff's Property despite its failure to provide the requisite notices to Plaintiff, which were conditions precedent to the commencement of foreclosure proceedings." (Compl. ¶ 52). He claims that, "[a]s a result, Plaintiff was unfairly surprised," and "has incurred mental anguish and emotional distress,

damage to his credit and reputation, as well as general and nominal damages equal to the costs of bringing this action, and attorney's fees."  (Id. ¶ 53).

Plaintiff's conclusory allegations are not sufficient to support a fraud claim. Plaintiff fails to describe with sufficient particularity the allegedly false statement made, the manner in which it misled Plaintiff, or what Defendant gained by allegedly making the false statement.  Plaintiff further fails to allege that he relied upon a false representation, or that such reliance was justifiable.  Plaintiff does not allege any action he took, or refrained from taking, in response to an allegedly false representation by Defendant.  Plaintiff has not pled the elements of fraud with the specificity required under Rule 9 of the Federal Rules of Civil Procedure and he otherwise fails to state a claim for fraud under Georgia law.  See Baxter, 704 S.E.2d at 429; Thomas, 393 F. App'x at 638; Albert, 2011 WL 1085148 at *2. Plaintiff's fraud claim is required to be dismissed.[5]

---

[5]    To the extent Plaintiff claims that "discovery can easily provide Defendant with all the necessary details about the particulars of their [sic] alleged unlawful activities" (Resp. at 9-10), the Eleventh Circuit has observed that the "clear intent [of Rule 9] is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed," Friedlander v. Nims, 755 F.2d 810, 813 n.3 (11th Cir. 1985).  Plaintiff's conclusory assertions do not satisfy the pleading requirements of Rule 9 and the Court "is not required to grant a plaintiff leave to amend his complaint sua sponte when," as here, "the plaintiff, who is represented by counsel, never filed a motion to amend or requested leave to amend . . . ."  See U.S. ex rel. Sanchez v. Lymphatx, Inc., 596 F.3d 1300, 1303 (11th Cir. 2010).

4.    Declaratory Judgment (Count One)

"[T]o pursue properly a declaratory judgment under Georgia law 'a party must establish that a declaratory judgment is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests.'" Milani v. One West Bank FSB, 491 F. App'x 977, 979 (11th Cir. 2012) (quoting Porter v. Houghton, 542 S.E.2d 491, 492 (Ga. 2001)).

Plaintiff seeks a declaration that Nationstar did not provide Plaintiff with proper notice of default and acceleration, that as a result, Nationstar did not comply with Paragraph 22 of the Security Deed, and that foreclosure was therefore premature.  (Compl. ¶ 25).  It appears that Plaintiff has already defaulted on his loan obligations and it is undisputed that Nationstar already allegedly breached the Security Deed and initiated foreclosure proceedings.  No uncertainty exists about any future action by Plaintiff.  A declaratory judgment is unavailable because "all material rights have accrued based on past events and what Plaintiff seeks is an advisory opinion on the validity of the future act of another party."  See Milani, 491 F. App'x at 979 (citing Logan Paving Co. v. Peoples Bank & Trust, 395 S.E.2d 287, 288 (Ga. Ct. App. 1990)).  Plaintiff's claim for declaratory relief is required to be dismissed.

5.    Injunctive Relief (Count Two)

A claim for preliminary injunctive relief requires a showing of "a substantial likelihood of success on the merits of the underlying case," Grizzle v. Kemp, 634 F.3d 1314, 1320 (11th Cir. 2011), while a permanent injunction requires actual success on the merits, United States v. Endotec, Inc., 563 F.3d 1187, 1194 (11th Cir. 2009).  Because Plaintiff fails to state a viable claim for relief, his claim for injunctive relief is required to be dismissed.[6]

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Nationstar Mortgage, LLC's Motion to Dismiss [4] is **GRANTED.**

**SO ORDERED** this 2nd day of September, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[6]    Having found that Plaintiff's Complaint fails to state a claim for relief, the Court does not reach the merits of Defendant's other bases for dismissal, including that Plaintiff failed to tender the amount due and failed to give Nationstar notice of its alleged breach of the Security Deed before Plaintiff initiated this action.